# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-14817 |

**DECLARATION OF GHITA SCHWARZ IN SUPPORT OF MOTION FOR CLASS ACTION CERTIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Ghita Schwarz, declare under penalty of perjury as follows:

1. I am the Senior Director of U.S. Litigation at the International Refugee Assistance Project ("IRAP") and am counsel for Plaintiffs in the above-captioned case. I respectfully submit this declaration in support of Plaintiffs' Motion for Class Certification.

<u>Systemic Litigation at IRAP</u>

2. IRAP's litigation department brings systemic litigation to challenge refugee and immigrants' rights violations and government policies that impact refugees and others in humanitarian need. In addition to me, the litigation department currently employs a Deputy Director, four senior staff attorneys, three staff attorneys, and a litigation coordinator.

3. Since its inception, IRAP's litigation department has been involved in numerous complex cases on behalf of refugees and others in humanitarian need. Most relevant to the present case, IRAP is counsel in *Jean A. v. Noem*, No. 26-cv-30031 (D. Mass.) (Stearns, J.), a

putative class-action challenge to the Trump Administration's policy of subjecting lawfully admitted refugees to warrantless arrest and indefinite, punitive, and unlawful detention. IRAP's other notable class-action lawsuits include: *Pacito v. Trump*, No. 25-cv-00255 (W.D. Wash.) (challenge to the current Trump Administration's suspension of the U.S. Refugee Admissions Program); *Luna Gutierrez v. Noem*, No. 1:25-cv-01766-SLS (D.D.C.) (challenge to the detention of immigrants at Guantanamo Bay); *Afghan & Iraqi Allies v. Rubio*, No. 18-cv-01388-TSC (D.D.C.) (challenge to systemic delays in processing Special Immigrant Visas for Afghans and Iraqis who assisted the U.S.); and *Doe v. Mayorkas*, No. 18-cv-02349 (N.D. Ca.) (challenge to mass denial of refugee applications from Iranian religious minorities).

4. In addition, IRAP has led systemic challenges to numerous of federal policies harming refugees and other immigrants, including: *U.H.A. v. Bondi*, No. 26-cv-417 (D. Minn.) (putative class action lawsuit challenging indefinite, warrantless detention of lawfully present refugees who had not yet adjusted status to lawful permanent residence); *Doe v. Trump*, No. C17-0178JLR (W.D. Wash.) (challenge to the first Trump Administration's ban on entry of refugees); *HIAS, Inc. v. Trump,* No. 19-cv-3346-PJM (D. Md.) (challenge to Executive Order giving state and local officials the power to refuse refugees being resettled in their jurisdictions); *S.A. v. Trump,* No. 18-cv-03539-LB (N.D. Cal.) (challenge to the prior Trump Administration's termination of the Central American Minors (CAM) parole program); *Kiakombua v. McAleenan*, No. 19-cv-1872 (D.D.C.) (case challenging USCIS policies and lesson plans impacting asylum-seekers' credible fear process); *CASA de Maryland v. Wolf*, No. 20-cv-02118-PX (D. Md.) (challenge to policy restricting issuance of Employment Authorization Documents to asylum-seekers); *M.M.M. v. State*, No 1:24-cv-01120 (E.D. Va.) (challenge to unfair application of Child Status Protection Act to Afghan children); *S.A.M. v. Dep't of State*, No. 1:24-cv-07656-

NRB (S.D.N.Y.) (challenge to policy of inadequate explanations in visa denials); *Dahlia Doe v. Mullin,* No. 25-cv-8686 (S.D.N.Y.) (challenge to termination of Temporary Protected Status for Syria); and *Aung Doe v. Noem,* No. 1:25-cv-15483 (N.D. Ill.) (challenge to termination of Temporary Protected Status for Burma/Myanmar).

5. As set forth below, I and the IRAP attorneys staffed on this case, whom I supervise, have extensive experience litigating class action and complex civil rights actions.

Ghita Schwarz

6. I graduated from Columbia Law School in 1998 and have been licensed to practice law in New York since 2000. I am admitted to practice in the U.S. District Courts for the Southern and Eastern Districts of New York, the District of Columbia, and the Eastern District of Michigan, the U.S. Courts of Appeals for the Second, Third, and Seventh Circuits, and the U.S. Supreme Court.

7. I joined IRAP in January of 2025, where I serve as class counsel in *Pacito v. Trump* and *Afghan & Iraqi Allies v. Rubio*. I am also counsel in the aforementioned putative class action, *Jean A. v. Noem*, as well as several complex cases challenging the application and implementation of the Immigration & Nationality Act ("INA") and the Administrative Procedure Act ("APA").

8. Prior to joining IRAP, I was Director of Litigation at LatinoJustice PRLDEF, where I supervised national litigation addressing immigrant rights, voting rights, employment discrimination, and criminal justice. I served as class counsel in *Plaintiffs 1-21 v. Suffolk County Police Department*, No. 15-cv-2431 (E.D.N.Y.) (challenging discriminatory profiling of Latino drivers and pedestrians); and as counsel in several collective action cases including, *CASA v. Wheeler*, No. 22-cv-01648 (M.D. Pa.) (challenging election officials' failure to provide Spanish-

language ballots and voting materials); and *Hispanic Federation v. Byrd,* No. 4:23-cv-00218 (N.D. Fla.) (challenging discrimination against authorized noncitizens and other restrictions on work of voter-registration groups in Florida).

9. I began my career as a legal services attorney at what is now known as Legal Services for New York City and practiced immigration law at The Door Legal Services Center. I have litigated civil rights cases since 2007, first as a staff attorney at LatinoJustice PRLDEF, and then for ten years as a senior staff attorney at Center for Constitutional Rights.

10. At Center for Constitutional Rights, I was lead counsel in several complex class action and civil rights lawsuits on behalf of immigrants, including: *Make the Road New York v. Cuccinelli* , No. 19-cv-7993 (GBD) (S.D.N.Y.) (APA challenge to Department of Homeland Security's proposed "public charge" regulations); *Make the Road New York v. Pompeo* (APA challenge to Department of State's proposed "public charge" regulations, No. 19-cv-11633 (GBD) (S.D.N.Y.); *Tamayo Espinoza v. Witte*, No. 20-cv-00106 (S.D. Miss.) (group habeas action on behalf of medically vulnerable detained immigrants during the COVID-19 pandemic); and *Aguilar v. ICE* , 07 Civ. 8224 (S.D.N.Y.) (challenge on behalf of several individuals and families to warrantless home entries by Immigration and Customs Enforcement).

Guadalupe Aguirre

11. Guadalupe Aguirre is Deputy Director of U.S. Litigation at IRAP and has been engaged in all aspects of complex civil rights litigation, including class actions. Ms. Aguirre graduated from the University of California, Berkeley School of Law in 2016 and has been practicing law for over ten years. Prior to joining IRAP, she worked at the New York affiliate of the American Civil Liberties Union ("NYCLU') for more than four years. At NYCLU she focused on bringing complex civil rights litigation involving immigrant rights, police

accountability, and government transparency, among other issues. She was also a legal fellow at the Center for Constitutional Rights from 2018 to 2020, working on similar types of litigation. And from 2016 to 2018 she was a legal fellow at the Empire Justice Center, providing direct legal services to individuals seeking immigration relief.

12. Ms. Aguirre is admitted to practice in the District Courts for the Southern, Eastern, and Western Districts of New York and the District of Columbia; the U.S. Courts of Appeals for the Second, Seventh, and District of Columbia Circuits; and the U.S. Supreme Court.

13. In her eight years of litigating federal civil rights cases, Ms. Aguirre has served as lead counsel in several notable immigrant rights cases, including: *Dahlia Doe v. Mullin*, 25-cv-08686 (S.D.N.Y.) (challenge to termination of TPS for Syrians); *LVM v. Marcos*, 18-cv-01453 (S.D.N.Y.) (class-action challenge to federal policy resulting in delayed release of immigrant minors); *Ortiz v. Orange County*, 23-cv-02802 (S.D.N.Y.) (First Amendment retaliation challenge brought by detained immigrants); *Onosamba-Ohindo v. Searls*, 20-cv-00290 (W.D.N.Y.) (class-action case involving a due process challenge concerning bond hearings for immigrants in discretionary immigration detention). She also served as lead counsel in *Ligon v. City of New York*, 12-cv-2274 (S.D.N.Y.), a class-action challenge to the NYPD's stop-and-frisk and trespass enforcement policies and practices.

14. Ms. Aguirre also has served as counsel in several other notable cases, including: *A.A. v. State*, No. 25-cv-01819 (E.D. Va.) (obtaining APA vacatur of a Department of State policy applying entry bans to immediate family members of asylum holders in the U.S.); *Aung Doe v. Noem*, 25-cv-15483 (N.D. Ill.) (challenge to termination of TPS for Burma/Myanmar); *Afghan & Iraqi Allies v. Rubio,* No. 18-cv-1388 (D.D.C.) (class action challenge to systemic

delays in processing Special Immigrant Visas for Afghans and Iraqis who assisted the U.S; *Floyd v. City of New York*, 08-cv-1034 (S.D.N.Y.) (class-action challenge to NYPD stop-and-frisk policies and practices); *Velesaca v. Wolfe*, No. 20-cv-01803 (S.D.N.Y.) (challenge to the Immigration and Customs Enforcement, New York Field Office's "no-release policy" that caused prolonged detention of noncitizens detained under a discretionary detention statute); *Migrant Justice v. Wolf*, 18-cv-192 (D. Vt.) (challenge to collusive practices against migrant farmworkers by federal government and the Vermont Department of Motor Vehicles); and *Sow v. Garland*, No. 20-3306 (2d Cir.) (challenge to prolonged detention of immigrant held under mandatory detention statute).

Hussein Elbakri

15. Hussein Elbakri is a senior litigation staff attorney at IRAP and has been engaged in all aspects of complex civil rights litigation, including class actions. Mr. Elbakri graduated from Harvard Law School in 2018 and Columbia University in 2015. Prior to joining IRAP he practiced at the law firms Cravath, Swaine & Moore LLP, WilmerHale LLP, and Freshfields US LLP, including work on several putative and certified class actions.

16. Mr. Elbakri has been licensed to practice law in New York since 2019. He is admitted to practice in the U.S. District Courts for the Southern and Eastern Districts of New York, the District of Columbia, the U.S. Courts of Appeals for the Second and D.C. Circuits, and the U.S. Supreme Court.

17. Mr. Elbakri serves as lead counsel in *IRAP v. DHS*, No. 26-cv-4033 (S.D.N.Y.) (case brought to enforce the Freedom of Information Act) and as class counsel in *Pacito v. Trump*, No. 25-cv-00255 (W.D. Wash) (challenge to suspension of USRAP) and as counsel in *Dahlia Doe v. Mullin*, 25-cv-08686 (S.D.N.Y.) (challenge to termination of TPS for Syrians). In

a previous role, he was class counsel for an intervenor class of women and minorities in *United States v. Jefferson County*, No. 2:75-cv-00666 (N.D. Ala.) (monitoring a civil rights consent decree).

Dalia Fuleihan

18. Dalia Fuleihan is a senior litigation attorney at IRAP and has been engaged in all aspects of complex immigrants' rights litigation. Mx. Fuleihan graduated from Boston University Law School in 2018 and has been practicing law for eight years. Prior to joining IRAP they practiced immigration law in private practice, the National Immigrant Justice Center, a non-profit immigrant rights organization based in Chicago, Illinois, and as an Immigrant Justice Corps Fellow in New Haven, Connecticut.

19. Dalia Fuleihan has been admitted to practice law in Illinois since 2020 and was previously licensed in Connecticut from 2018 to 2021. They are admitted in the U.S. District Court for the District of Connecticut, the U.S. Courts of Appeals for the Second Circuit, Seventh Circuit, and Tenth Circuit, and the U.S. Supreme Court.

20. Dalia Fuleihan is lead counsel in *IRAP v. State,* 26-cv-3095 (S.D.N.Y.) (case brought to enforce the Freedom of Information Act); *A.A.H.A. v. Bondi,* 26-cv-316 (D.N.M.) and *Z.S.C.A. v. Bond,* 26-cv-317 (D.N.M.) (habeas corpus challenges to the indefinite detention of unadjusted refugees). They also serve as the counsel in the putative class action *Jean A. v. Noem* and in *Yasini Doe v. State,* 1:25-cv-03676 (D.D.C.) (challenging policy of denying Special Immigrant Visas to Afghans who worked for state-owned institutions). Prior to joining IRAP, they represented individuals in a range of administrative immigration proceedings and appeals; in habeas corpus cases in federal district courts challenging the detention of immigrants; and in

petitions for review for Board of Immigration Appeals decisions in the Seventh Circuit Court of Appeals.

Kimberly Grano

21. Kimberly Grano is a litigation staff attorney at IRAP and has been engaged in all aspects of complex immigrants' rights litigation, including class actions. Ms. Grano graduated from Harvard Law School in 2019 and has been practicing law for seven years. Prior to joining IRAP she clerked on the U.S. Court of Appeals for the Second Circuit and the U.S. District Court for the Southern District of California. She also worked at the ACLU of San Diego & Imperial Counties as a legal fellow from 2019 to 2020, where she worked on immigrants' rights' litigation.

22. Ms. Grano has been admitted to practice law in New York since 2021 and in California since 2019. Ms. Grano is admitted to practice in the U.S. District Courts for the Southern District of California, the District of Columbia, the District of Colorado, and the Southern District of New York, and the U.S. Court of Appeals for the D.C. Circuit.

23. Ms. Grano serves as lead class counsel in *Afghan & Iraqi Allies v. Rubio*, No. 18-cv-1388 (D.D.C.), and as class counsel in *Pacito v. Trump*, No. 25-cv-00255 (W.D. Wash) and *Luna Gutierrez v. Noem*, No. 1:25-cv-01766-SLS (D.D.C. 2025). She has led other complex cases challenging the application and implementation of the INA and APA, including *U.H.A. v. Bondi*, the putative class action lawsuit in the District of Minnesota challenging indefinite, warrantless detention of lawfully present refugees who had not yet adjusted status to lawful permanent residence. She is also counsel in the putative class action *Jean A. v. Noem*.

Pedro Sepulveda

24. Pedro Sepulveda is a litigation staff attorney at IRAP and has been engaged in all aspects of complex civil rights litigation, including class actions. Mr. Sepulveda graduated from the City University of New York School of Law in 2024 and has been admitted to practice law in New York since 2025. He is admitted to practice in the U.S. District Courts for the Southern and Eastern Districts of New York, the District of Columbia, and the U.S. Courts of Appeals for the Ninth Circuit, Seventh Circuit, and the D.C. Circuit.

25. Mr. Sepulveda serves as class counsel in *Afghan & Iraqi Allies v. Rubio*, No. 18-cv-1388 (D.D.C.), *Pacito v. Trump*, No. 25-cv-00255 (W.D. Wash), and *Luna Gutierrez v. Noem*, No. 1:25-cv-01766-SLS (D.D.C. 2025), as well as counsel in several other complex cases challenging the application and implementation of the INA and APA, including the aforementioned putative class actions *Jean A. v. Noem* and *U.H.A. v. Bondi*.

***

26. IRAP attorneys and staff have spent significant hours on this case including conducting legal research, drafting and revising briefs and declarations, communicating with plaintiffs, and conducting factual research and investigations to support this case. IRAP is committed to continuing to devote significant resources to vigorously litigate this case on behalf of the entire Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New Haven County, Connecticut on October 23, 2026.

Ghita Schwarz