**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, *et al.*,

*Plaintiffs*,

v.

JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, *et al.*,

*Defendants*.

Case No. 1:26-cv-14817-MJJ

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

ARGUMENT ........................................................................................................................1

I. INDIVIDUAL PLAINTIFFS HAVE ARTICLE III STANDING ..........................1

II. THE PROPOSED CLASS SATISFIES COMMONALITY AND TYPICALITY .3

III. THE CLASS IS PROPERLY CERTIFIED UNDER RULE 23(b)(2) ....................5

CONCLUSION ......................................................................................................................5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aguasvivas v. Pompeo*,
984 F.3d 1047 (1st Cir. 2021)....................1

*Ass'n of Am. Univs. v. DHS*,
No. 1:26-cv-1452-JEK, 2026 WL 3534870 (D. Mass. Nov. 17, 2026)....................1

*In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Pracs. Litig.*,
No. 12-md-2320-PB, 2015 WL 7282543 (D.N.H. Nov. 16, 2015)....................3

*Connor B. ex rel. Vigurs v. Patrick*,
272 F.R.D. 288, 295 (D. Mass 2011)....................4, 5

*Diamond Alt. Energy, LLC v. EPA*,
606 U.S. 100 (2025)....................2

*Diggs v. Mici*,
No. CV 22-40003-MRG,2024 WL 4425654 (D. Mass. Sept. 30, 2024)....................4

*Garcia-Rubiera v. Calderon*,
570 F.3d 443 (1st Cir. 2009)....................4

*Guerrero Orellana v. Moniz*,
808 F. Supp. 3d 167 (D. Mass. 2025)....................3, 4

*Kenneth R. v. Hassan*,
293 F.R.D. 254 (D.N.H. 2013)....................3

*Manning v. Boston Med. Ctr. Corp.*,
725 F.3d 34 (1st Cir. 2013)....................3, 4

*Massachusetts v. EPA*,
549 U.S. 497 (2007)....................3

*Matamoros v. Starbucks Corp.*,
No. 08-10772-NMG, 2011 WL 2555760 (D. Mass. Feb. 8, 2011)....................3

*McKenna v. First Horizon Home Loan Corp.*,
475 F.3d 418 (1st Cir. 2007)....................5

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010)....................1

*Mullins v. Direct Digital, LLC*,
795 F.3d 654 (7th Cir. 2015) ....................4

*Overka v. American Airlines, Inc.*,
265 F.R.D. 14 (D. Mass. 2010)....................3, 4

*Parent/Prof'l Advoc. League v. City of Springfield*,
934 F.3d 13 (1st Cir. 2019)....................3

*Payne v. Goodyear Tire & Rubber Co.*,
216 F.R.D. 21 (D. Mass. 2003)....................4

*Reid v. Donelan*,
297 F.R.D. 185 (D. Mass. 2014)....................1

*Rumsfeld v. Forum for Acad. & Institutional Rts., Inc.*,
547 U.S. 47 (2006)....................3

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014)....................1

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)....................5

**Other Authorities**

Fed. R. Civ. P. 23 .................... *passim*

## INTRODUCTION

Plaintiffs have met their burden that this case is well-suited for class treatment. A class action challenging a systemic policy is a textbook use of Rule 23(b)(2) and readily satisfies Rule 23(a)'s commonality and typicality requirements. *See, e.g.*, *Reid v. Donelan*, 297 F.R.D. 185, 189-93 (D. Mass. 2014).[1] This case is no exception. Plaintiffs seek to certify a class of "All individuals admitted to the United States as refugees under 8 U.S.C. § 1157 who have not adjusted to lawful permanent resident status as of and after October 14, 2026." Doc No. 18 at 1.

Defendants do not contest numerosity or adequacy, and they do not dispute that the Adjustment of Status Hold, the Re-vetting Policy, and the Interim Final Rule ("IFR") are categorical policies that apply to unadjusted refugees as a group. Instead, they recast Plaintiffs' present injuries as "hypothetical," confuse the merits of individual adjustment applications (which are not at issue) with the lawfulness of the challenged policies, and ignore the indivisible APA relief Plaintiffs seek. Each argument fails. Accordingly, the Court should certify the Class, appoint Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.[2]

## ARGUMENT

### I. INDIVIDUAL PLAINTIFFS HAVE ARTICLE III STANDING

Plaintiffs have standing if they show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). A future injury suffices where it is "certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *see Aguasvivas v. Pompeo*, 984 F.3d 1047, 1052-53 (1st Cir. 2021). "When a plaintiff is the object of a government regulation, there should ordinarily be little question that the regulation causes injury to the plaintiff and that invalidating the regulation

---

[1] Unless indicated otherwise, all internal citations and quotations have been removed. Further, all defined terms from Plaintiffs' Opening Brief, Doc No. 18, apply here.

[2] This Reply is being filed pursuant to the Court's November 10, 2026 Order. Doc No. 49.

would redress the plaintiff's injuries." *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 114 (2025).

Defendants' shallow argument that Individual Plaintiffs' injuries are "hypothetical," Doc No. 55 at 6-7, ignores the record. Each Individual Plaintiff is an unadjusted refugee whose adjustment application is frozen *today* by the Adjustment of Status Hold, which has been in place for nearly a year and, by DHS's own count, affects more than 100,000 refugees. Doc No. 18 at 5-9. Each is also subject to the Re-vetting Policy and to the IFR's shortened period to respond to a NOIT. *Id.* That harm is imminent for every Class member, as illustrated by the fact that USCIS issued a NOIT the day after the IFR took effect, giving the recipient refugee a mere 10 days from the date on the notice (and just six days from receipt) to respond. Doc No. 5 at 10. A refugee who misses that deadline loses status by default, and with it work authorization and protection from detention and removal, as do derivative family members. *Id.* at 10-11. Defendants' policies work in concert: the Hold keeps refugees in limbo and vulnerable to status termination; the Re-vetting Policy generates the NOITs; and the IFR facilitates default termination through an untenable response time.

Moreover, it does not matter if Defendants have not yet initiated re-vetting or termination as to a specific Individual Plaintiff. An enforcement action is not a prerequisite to challenge the Re-vetting Policy or IFR where, as here, those policies "expressly threaten" unadjusted refugees with the prospect of re-vetting or termination. *See, e.g.*, *Ass'n of Am. Univs. v. DHS*, No. 1:26-cv-1452-JEK, 2026 WL 3534870, at *5 (D. Mass. Nov. 17, 2026).

Defendants' baseless assertion that "[d]elay is an inconvenience, not harm," Doc No. 55 at 6, cites no authority. Unadjusted refugees have been losing SNAP, and since October 1, 2026, are ineligible for Medicaid—benefits they could access upon adjustment, but for the Adjustment of Status Hold. *See* Doc No. 2-14 ¶¶ 8, 9, 12. This harm is not hypothetical. Doc No. 18 at 6 & n.4, 8 & n.5, 9. That the benefits loss originated in H.R. 1, Doc No. 55 at 6-7, does not break the causal chain: Defendants' sweeping and categorical policies keep Plaintiffs from adjusting and regaining

eligibility, and vacatur would redress that injury at least to "some extent." *Massachusetts v. EPA*, 549 U.S. 497, 526 (2007); *see also* Doc No. 59 § IV.B.

Defendants' contention that "each member" of the Class must independently establish standing at this stage, Doc No. 55 at 7, misstates the law. For injunctive and declaratory relief, "the presence of one party with standing is sufficient." *Rumsfeld v. Forum for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 52 n.2 (2006); *see Guerrero Orellana v. Moniz*, 808 F. Supp. 3d 167, 182 (D. Mass. 2025) ("[C]ourts do not require every class member to demonstrate standing when a class is certified."); *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Pracs. Litig.*, No. 12-md-2320-PB, 2015 WL 7282543, at *4 (D.N.H. Nov. 16, 2015) ("[A]t least one class representative must satisfy the standing requirements."). In any event, every Class member is subject to one or more of the challenged policies, and future members "will suffer an actual injury when they" join the Class. *Guerrero Orellana*, 808 F. Supp. 3d at 182.

## II. THE PROPOSED CLASS SATISFIES COMMONALITY AND TYPICALITY

Commonality is readily met where, as here, a defendant's uniform policy affects the proposed class. *See Matamoros v. Starbucks Corp.*, No. 08-10772-NMG, 2011 WL 2555760, at *2 (D. Mass. Feb. 8, 2011) (finding whether "company-wide policy" violates the law satisfies the "low" commonality bar); *see also Overka v. Am. Airlines, Inc.*, 265 F.R.D. 14, 18 (D. Mass. 2010) ("Where, as here, implementation of the common scheme is alleged, the commonality requirement usually is satisfied."); *cf. Parent/Prof'l Advoc. League v. City of Springfield*, 934 F.3d 13, 31 (1st Cir. 2019) (denying commonality absent a uniform policy or practice).

Plaintiffs' common questions can be "answered either 'yes' or 'no' for the entire class," and differences among class members do not defeat certification. [3] *Kenneth R. v. Hassan*, 293 F.R.D. 254, 267 (D.N.H. 2013). Defendants' argument that Plaintiffs cannot determine whether

[3] Plaintiffs' reservation of the right to propose subclasses does not concede that the Class is unworkable. *Contra* Doc No. 55 at 9. Rule 23 contemplates refinement of a class definition, and courts have "many tools" at their disposal, including "redefining the class during the certification process or creating subclasses." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 60 (1st Cir. 2013).

each member has applied, wishes to apply, has withdrawn an application, or is eligible for adjustment of status, Doc No. 55 at 9-10,[4] is beside the point: the IFR's 10-day deadline applies to every unadjusted refugee regardless of application status. And ascertainability is not a separate hurdle under Rule 23(b)(2). *See, e.g.*, *Diggs v. Mici*, No. cv-22-40003-MRG, 2024 WL 4425654, at *3 n.1 (D. Mass. Sept. 30, 2024).

Moreover, Defendants' overbreadth objections are not grounds to deny class certification. The three policies, working together, target the Class, and evidence of "actual injury to absent class members need not be proven at this stage." *See Connor B. ex rel. Vigurs v. Patrick*, 272 F.R.D. 288, 295 (D. Mass. 2011) (collecting cases). Each Class member is subject to the IFR, and to the extent a Class member falls outside the scope of the Hold, the Court may form subclasses. *See* Manning, 725 F.3d at 60.

Defendants' argument that some Class members may be "properly" terminated, Doc No. 55 at 10, is a red herring. The legal question is whether Defendants act lawfully in giving a person only 10 days to respond *before* a termination decision is made—a question common to all Class members. Defendants identify no individualized questions that would prevent a classwide answer. Indeed, courts in this District find commonality where class members are subject to "the same allegedly unlawful government policy," notwithstanding factual differences. *Guerrero Orellana*, 808 F. Supp. 3d at 184; *cf. Overka*, 265 F.R.D. at 18. And *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015), on which Defendants rely, affirmed certification.

Defendants' typicality argument merely incorporates their commonality argument, Doc No. 55 at 10, and fails for the same reasons. Typicality is "not highly demanding" and requires only that the representatives' claims "share the same essential characteristics" as—not that they be identical to—the Class claims. *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 26 (D. Mass. 2003); *see Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). Each Plaintiff is an

[4] Defendants' argument that adjustment is discretionary under 8 U.S.C. § 1255 also misunderstands the statutory scheme. Doc No. 55 at 10. Refugee adjustment is governed by § 1159 and is mandatory. *See* Doc No. 59 § Background.

unadjusted refugee who faces the same 10-day deadline and asserts the same claims for the same relief as the Class. Doc No. 18 at 14-16.

## III. THE CLASS IS PROPERLY CERTIFIED UNDER RULE 23(b)(2)

Defendants agree that "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted." Doc No. 55 at 11. That is this case: Plaintiffs seek a stay, injunctive and declaratory relief, and vacatur of the Adjustment of Status Hold, the Re-vetting Policy, and the IFR under 5 U.S.C. §§ 705-06. Doc No. 18 at 2, 18-19. Such relief would apply uniformly, restoring the 30-day response period, allowing adjustment applications to be processed in the normal course, and preventing mass re-vetting of Class members.

Defendants' "mini-trials" argument, Doc No. 55 at 11, also fails. Defendants themselves subjected all unadjusted refugees to the IFR and the Re-vetting Policy, and all unadjusted refugees admitted between January 20, 2021, and February 20, 2025, to the Hold; no "mini-trials" are needed to determine who is subject to those policies. Even if harms differ in degree, courts in this Circuit can "certify class actions in which alleged systemic deficiencies resulted in harms that manifested themselves differently among different segments of the plaintiff class." *Connor B.*, 272 F.R.D. at 298-99 (collecting cases). What matters is that the litigation will "generate common answers" on the legality of the three policies as to all Class members. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). And a refugee who is re-interviewed and adjusts "soon thereafter," Doc No. 55 at 11, simply exits the Class, which is limited to those who "have not adjusted." Doc No. 18 at 1. Rule 23(b)(2) "ordinarily is used when broad, class-wide injunctive or declaratory relief is appropriate," as here. *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 427 (1st Cir. 2007).

## CONCLUSION

For the foregoing reasons, together with the reasons in Plaintiffs' Opening Brief, the Court should grant Plaintiffs' motion for class certification, appoint Individual Plaintiffs as Class Representatives, and appoint undersigned counsel as Class Counsel.

Dated: November 19, 2026

By:

*/s/ John Nathanson*

Hussein Elbakri* (NY Bar No. 5712666)
Guadalupe Aguirre* (NY Bar No. 5536107)
Kimberly Grano* (NY Bar No. 5858808)
Ghita Schwarz* (NY Bar No. 3030087)
Pedro Sepulveda* (NY Bar No. 6198550)

**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Plaza, 33rd floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
helbakri@refugeerights.org
laguirre@refugeerights.org
kgrano@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Dalia Fuleihan* (IL Bar No. 6335082)
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 47611
Chicago, IL 60647
Telephone: (646) 740-6271
Facsimile: (516) 324-2267
dfuleihan@refugeerights.org

Erez Reuveni (MA BBO No. 666769)
Jennie L. Kneedler* (DC Bar No. 500261)
Cynthia Liao* (DC Bar No. 90036947)
Steven Y. Bressler* (DC Bar No. 482492)
Robin F. Thurston* (DC Bar No. 1531399)
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
ereuveni@democracyforward.org
jkneedler@democracyforward.org
cliao@democracyforward.org
sbressler@democracyforward.org
rthurston@democracyforward.org
rthurston@democracyforward.org

John Nathanson (NY Bar No. 2630697)*
Andrew Tannenbaum (NY Bar No. 3940434)*
Leila Siddiky (NY Bar No. 5225164)*
Bobbi Zahn (NY Bar No. 6000285)*
**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, NY 10022
212-848-4000
john.nathanson@aoshearman.com
andrew.tannenbaum@aoshearman.com
leila.siddiky@aoshearman.com
bobbi.zahn@aoshearman.com

Emily Westridge Black (TX Bar No. 24060815)*
**ALLEN OVERY SHEARMAN STERLING US LLP**
300 West 6th Street
Austin, TX 78701
512-647-1909
emily.westridgeblack@aoshearman.com

Gideon J. Duke-Cohan (MA BBO No. 716358)
**ALLEN OVERY SHEARMAN STERLING US LLP**
One Beacon Street
Boston, MA 02108
212-610-6353
gideon.duke-cohan@aoshearman.com

*Counsel for All Plaintiffs*
** Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, John Nathanson, hereby certify that on November 19, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: November 19, 2026
New York, NY

Respectfully submitted,

By: */s/ John Nathanson*
John Nathanson